IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IAN BOYD | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| CFL SHIPMANAGEMENT BV AND | § | [JURY] |
| CFL MARTINI & OTHERS | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, Ian Boyd, complains of CFL Shipmanagement BV and CFL Martini & Others, and would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD and Plaintiff and Defendants are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   This action is brought "at law" pursuant to the "savings to suitors" clause set forth in 28 U.S.C. § 1333(1).  Plaintiff seeks relief under general maritime law, as extended by the Extension of Admiralty Jurisdiction Act of 1948, 46 U.S.C. § 30101, as well as 33 U.S.C. §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act ["LHWCA"].

1.03   Venue is proper because Plaintiff was injured while engaged in cargo discharge operations involving the *M/V INDUSTRIAL MAYA* (formerly *M/V MARTINI SCAN*) owned and managed by Defendants, while the vessel was moored at a marine terminal within this District.

1

# II.
# PARTIES

2.01    Plaintiff, Ian Boyd, is a Texas resident.

2.02    Defendant *in personam*, CFL SHIPMANAGEMENT BV ["CFL"](IMO # 5408714), is a foreign entity duly organized, created and existing pursuant to the laws of some other country or countries.  CFL is the reported owner, operator and/or manager of the *M/V INDUSTRIAL MAYA (*formerly *M/V MARTINI SCAN)*, and is subject to this Court's general and specific jurisdiction.  CFL has substantial and/or continuous and systematic activities with the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District.  CFL does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process:

(a)    in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

The President or Officer in Charge of
CFL Shipmanagement BV
P.O. Box 20520
1001 NM Amsterdam
The Netherlands

OR

(b)    pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to the Netherlands Central Authority:

De Officer van Justitie
Postbus 20302
2500 EH The Hague
Netherlands

2.03    Defendant *in personam*, CFL MARTINI & OTHERS ["CMO"](IMO # 5674865), is a foreign entity duly organized, created and existing pursuant to the laws of some other country or countries.  CMO is the reported owner, operator and/or manager of the *M/V INDUSTRIAL MAYA*

2

*(*formerly *M/V MARTINI SCAN)*, and is subject to this Court's general and specific jurisdiction. CMO has substantial and/or continuous and systematic activities with the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District. CMO does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process:

(a)   in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

>   The President or Officer in Charge of
>   CFL Martini & Others
>   c/o CFL Shipmanagement BV
>   P.O. Box 20520
>   1001 NM Amsterdam
>   The Netherlands

>   OR

(b)   pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served through the Netherlands Central Authority:

>   De Officer van Justitie
>   Postbus 20302
>   2500 EH The Hague
>   Netherlands

## III.
## FACTS

3.01   On or about the morning of October 20, 2013, Plaintiff was working as a longshoreman by and under the direction of his stevedore employer, Gulf Stream Marine, Inc. ["Gulf Stream"], at Industrial Terminals, K Dock in the Port of Houston. Upon arriving at work, Plaintiff was assigned to assist in cargo discharge operations from the *M/V INDUSTRIAL MAYA* (formerly *M/V MARTINI SCAN)*["Vessel"][1] to the dock via the Vessel's crane. Specifically,

---

[1] IMO Number 9534468.

Plaintiff was assigned to work on the dock next to the Vessel to unhook cargo being discharged from the Vessel's holds via the shipboard crane. To facilitate discharge of certain cargo, Plaintiff and his co-workers used a spreader bar attached to the Vessel's crane.

3.02    After a few hours of conducting cargo discharge operations with the spreader bar, and upon information and belief, the Vessel and her crew determined different gear was required to complete discharging the remaining cargo. Upon further information and belief, a Vessel crewmember began operating the crane and swung the spreader bar over the dock where Plaintiff was standing. Suddenly and without warning, the Vessel crewmember then began lowering the spreader bar down toward Plaintiff and other co-workers standing on the dock below. Plaintiff tried to move away from the quickly descending spreader bar, but could not. As a result, the spreader bar slammed on the dock and struck Plaintiff on his left leg and ankle, causing serious and disabling compound fractures to Plaintiff's left ankle. Plaintiff continues to undergo medical treatment for his injuries.

3.03    At the time of the accident, the crane was being operated by a Vessel crewmember and said crane remained under the active care, custody, control, or direction of the Vessel and Defendants as her agents.

## IV.
## CAUSE(S) OF ACTION

### NEGLIGENCE

4.01    As a result of the Vessel crewmember's negligent and unsafe operation of the Vessel's crane, Plaintiff was caused to sustain serious and permanent injuries to his person. Defendants are liable and accountable for Plaintiff's injuries by reason of the negligent conduct of their agents, representatives, and/or employees in one or more of the following particulars:

    a.    Failing to discharge the duties prescribed by 33 U.S.C. § 905(b);

    b.    Failing to properly train, supervise and/or hire competent crew to operate the Vessel's gear, including her cranes;

    c.    Failing to have the vessel and its equipment in such condition that the stevedore could access the work area with reasonable safety;

    d.    Failing to warn the stevedore of dangers that were unknown to Plaintiff, that were known to Defendant, or which should have been known by Defendant in the exercise of reasonable care;

    e.    Failing to maintain the equipment and appurtenances of the Vessel in a reasonably safe condition;

    f.    Failing to properly supervise, train, crew and man the Vessel;

    g.    Failing to warn Plaintiff of harm from hazards that he encountered with equipment and/or appurtenances under the Vessel's active control;

    h.    Failing to have in place sufficient and appropriate company policies to ensure safe operation of the Vessel's equipment and appurtenances;

    i.    Failing to comply with certain safety standards, statutes, and regulations designed to prevent incidents of this sort; and/or

    j.    Other acts so deemed negligent, particulars to be shown at trial of this cause.

4.02    Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

4.03    Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence of Defendants and their agents, representatives and/or employees in operating the Vessel's equipment and/or appurtenances in a negligent and unsafe manner.

4.04    Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging

5

in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

4.05    Upon information and belief, Plaintiff would further show that Defendant CMO, the registered owner of the Vessel, is an alter ego of CFL (as manager and owner *pro hac vice*) and, in reality, Defendant CFL is the true owner and beneficial owner of the Vessel.

## V.
## DAMAGES

### PECUNIARY AND NON-PECUNIARY

5.01    As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his left ankle and other parts of his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

5.02    Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

a.   physical disability sustained by Plaintiff from the date of injury to the time of trial;

b.   future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

c.   physical pain and suffering sustained by Plaintiff from the date of injury to time of trial;

d.   physical pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

e.   loss of earnings sustained by Plaintiff from the date of injury to time of trial;

f.   loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

g.   reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

6

h. reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

i. past and future physical disfigurement; and

j. past and future physical impairment.

## VI.
## INTEREST

6.01   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

7.01   Plaintiff respectfully demands a jury.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiff prays:

a. That upon final hearing, judgment may be entered in favor of Plaintiff against Defendants for the amounts of his individual and representative claims to be determined;

b. That judgment be entered against Defendants named herein for the amount of claims to be determined;

c. That he have pre-judgment and post-judgment interest and all costs of Court;

d. That this Honorable Court grant Plaintiff a Trial by Jury; and

e. That he have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

GILMAN ✴ ALLISON LLP

*/s/ Brenton J. Allison*
Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
Telephone (713) 224-6622
Facsimile (866) 543-3643
ballison@gilmanallison.com

*- and –*

Tobias A. Cole
Texas Bar No. 24007021
Federal I.D. No. 23891
MIDANI & COLE, LLP
10497 Town & Country Way
Suite 530
Houston, Texas 77024
Telephone (713) 871-1001
Facsimile (713) 871-1054
**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

GILMAN ✴ ALLISON LLP

MIDANI & COLE, LLP